| ¡.EDWARD A. DUFRESNE, JR., Chief Judge.
This is an appeal by Antonino Vincent Caracci, II, plaintiff-appellant, from a judgment denying his petition for injunc-tive relief against the Parish of Jefferson. The injunction was sought to prevent the Parish from demolishing a house owned by Caracci for violations of the building codes relating to residential property. For the following reasons we affirm the judgment and lift the stay order as of the date this judgment becomes final.
Caracci is the owner of a house at 2101 North Turnbull Drive in Metairie, in Jefferson Parish. The record shows that the property has been vacant for some eight years and has been vandalized from time to time. It further shows that the property has been the subject of four previous hearings for code violations.
The most recent violations were the subject of a hearing before the parish Administrative Adjudications Bureau for code en *1194 forcement, and resulted in a June 7, 2001 Order stating that the building was in violation of numerous code provisions. The owner was given 15 days to secure the building from unauthorized entry, 30 days to procure permits to correct the | ¡¡violations, and an additional 30 days to complete the work. It further informed Caracci that if these steps were not taken, the building would be demolished by the Parish. The Order also notified plaintiff that pursuant to La. R.S. 13:2576, he had 30 days to appeal to the civil district court. The building was secured and a work permit obtained, but the work was not completed. No timely appeal was taken from the Order.
In September of 2001, the Parish employed a contractor to demolish the structure and placed a notice of the demolition in the parish journal. Caracci was not otherwise notified of the impending demolition, but an acquaintance of his saw the advertisement and brought it to his attention. On October 1, 2001, he filed the present injunctive action to prevent the destruction of the house and a temporary restraining order issued that same day. For reasons not of record, trial on the preliminary injunction was not held until March 5, 2002. A judgment denying the preliminary injunction was signed on March 11, 2002, and plaintiff has taken the present appeal from that judgment. The trial judge stayed the demolition of the house pending this appeal.
Plaintiff first asserts here that the administrative hearing of June 5, 2001, was defective in that the notice of the hearing did not include a detailed list of the specific violations with which he was charged. He also contends here that the Parish failed to show that he received a copy of the post-hearing Order of June 7, 2001. As to the pre-hearing notice, plaintiff failed to object to the sufficiency of the papers he received prior to the hearing and he attended that hearing. Neither did he appeal the Order which issued after the hearing, and that Order is now conclusive. It is thus too late to raise the issue of the sufficiency of the notice.
14As to the post-hearing Order, plaintiff signed the return receipt card for the envelope which the Parish asserts contained both the Notice of Order and the actual Order. Contrary to plaintiffs assertion here, he did not specifically testify that he had not received both documents. His only testimony on this point was as follows:
Q. Okay. Do you recall receiving this Notice of Order and order? Is that your signature right there? [indicating the return receipt card]
A. Yes, ma’am.
Further, the Notice of Order refers to the “attached order” in at least three places, and Dennis Tucker, a parish official knowledgeable about the procedures used for mailing such documents, testified that the Notice of Order and the Order are routinely sent together. The trial judge implicitly rejected plaintiffs argument that he had not received both documents and we find no manifest error in this factual determination. There was evidence presented by the Parish upon which reasonable minds could conclude that plaintiff received both papers. We therefore reject this argument as well.
Plaintiffs next assertion is that even if he had received the Order, it does not set forth with any detail what problems at the property had to be corrected. Again, this complaint comes too late. If he found the Order ambiguous, he should have asked for clarification from the administrative hearings officer or appealed that Order to the district court. He did neither, and that Order is now final. Moreover, the Order quite explicitly states:
*1195 CARACCI, is/are found to have violated the Code of Ordinances of the Parish of Jefferson, Ordinance No.(s) 18050 by failing to maintain a building to such a degree that it is dilapidated, substandard and unfit for human habitation, a hazard to the health, safety and welfare of the public and its occupants, and is dangerous pursuant to Sec. 19-61, specifically, Subsections Id, 2a, 3c, 3d, 3e, 4a, 4b and 5b on the property ....
, |BThis list of violations is unambiguous and fully informed plaintiff of the problems needing correction. Any confusion as to what was ordered can only be ascribed to his willful ignorance of what was required to bring the building back up to code.
Plaintiffs final argument is that he was not informed by the Parish of what code violations had not been remedied to its satisfaction prior to its contracting to have the building torn down. He also asserts that he should have been given actual notice, rather than notice by publication, of the Parish’s decision to demolish the house. Again, plaintiff attempts to avoid the consequences of his own inaction. The Order stated that if all of the code violations were not remedied within 60 days, the Parish would have the house demolished. It was therefore plaintiffs obligation to see to it that all violations had been corrected. He failed to do this timely and as a consequence the demolition order was properly issued. Aso, the Order constituted notice of the demolition and plaintiff had no right to another notice when the Parish decided to enforce that Order.
Considering all of the above circumstances, it is this court’s opinion that the trial judge properly denied injunctive relief, and we therefore affirm that judgment. We also vacate the stay order issued by the district court as of the date of the finality of this opinion.

AFFIRMED, STAY ORDER VACATED.